**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALTON KING,                                                    No. C 07-2936 SI (pr)

        Petitioner,                                      **ORDER TO SHOW CAUSE**

    v.

LAURIE SMITH, Sheriff,

        Respondent.

_____ /

**INTRODUCTION**

    Alton King, an inmate at the Santa Clara County Jail, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

**BACKGROUND**

    King states in his petition that he was convicted in Santa Clara County Superior Court of various sex crimes against minors, i.e., one count under California Penal Code § 288(a), five counts under § 288(c), two counts under § 243.6(a), and one count under § 288a(b)(1). On November 7, 2003, he received a sentence of fourteen years and eight months. The petition does not explain why he is still housed at the county jail, more than 3 years after being sentenced.

    King appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court in 2004. King also filed unsuccessful habeas petitions before filing this action.

1

**DISCUSSION**

2      This court may entertain a petition for writ of habeas corpus "in behalf of a person in

3   custody pursuant to the judgment of a State court only on the ground that he is in custody in

4   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A

5   district court considering an application for a writ of habeas corpus shall "award the writ or issue

6   an order directing the respondent to show cause why the writ should not be granted, unless it

7   appears from the application that the applicant or person detained is not entitled thereto." 28

8   U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are

9   vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v.

10  Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

11     The petition asserts the following claims:  First, King alleges that the evidence was

12  insufficient to support the convictions on counts 1, 6, 12, and 15. This appears to be a claim for

13  a due process violation. Second, he alleges that his 8-year upper term sentence on count 1 plus

14  his consecutive sentences on counts 3, 4, 5, 6, 10, 19, and 20, violated his Sixth Amendment

15  right to a jury trial, see Cunningham v. California, 127 S. Ct. 856, 871 (2007).  Liberally

16  construed, the claims are cognizable in a federal habeas action and warrant a response.

17

18

**CONCLUSION**

19     For the foregoing reasons,

20     1.     The petition states cognizable claims for habeas relief and warrants a response.

21     2.     The clerk shall serve by certified mail a copy of this order, the petition and all

22  attachments thereto upon respondent and respondent's attorney, the Attorney General of the State

23  of California. (Although petitioner is now in custody in the county jail, presumably the Attorney

24  General would be the attorney for jailer respondent, as he is for the prison warden respondents

25  when petitioners are in prison.) The clerk shall also serve a copy of this order on petitioner.

26     3.     Respondent must file and serve upon petitioner, on or before **October 5, 2007**, an

27  answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,

28

1   showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the

2   answer a copy of all portions of the court proceedings that have been previously transcribed and

3   that are relevant to a determination of the issues presented by the petition.

4       4.      If petitioner wishes to respond to the answer, he must do so by filing a traverse

5   with the Court and serving it on respondent on or before **November 9, 2007**.

6       5.      Petitioner must print/type his filings using only the front side of each piece of

7   paper.  See N.D. Cal. Local Rule 3-4(c)(2).  Double-sided pages occasionally do not get

8   photocopied properly and cause gaps in the court records.

9       6.      Petitioner is responsible for prosecuting this case.  He must promptly keep the

10  court informed of any change of address and must comply with the court's orders in a timely

11  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

12  pursuant to Federal Rule of Civil Procedure 41(b).  Petitioner must file a notice of change of

13  address in every pending case every time he is moved to a new facility.   Petitioner is

14  cautioned that he must include the case name and case number for this case on any document

15  he submits to this court for consideration in this case.

16      IT IS SO ORDERED.

17  DATED: July 25, 2007

    _____
            SUSAN ILLSTON
18          United States District Judge

19

20

21

22

23

24

25

26

27

28